**EASTMAN v. PURDY, Sheriff.**

No. 68-765.

Circuit Court, Dade County.

September 17, 1968.

Burton Young of Snyder, Young & Stern, North Miami Beach, for plaintiff.

Joseph D. Komansky, Assistant County Attorney, for defendant.

WILLIAM A. HERIN, Circuit Judge.

*Summary final judgment:* The plaintiff brought suit to have expunged from all official records, his fingerprints and photograph taken as a result of his arrest in Dade County in 1963. Though arrested, it has abundantly been made clear to the court that the plaintiff was not tried and the charges filed against him were dismissed. The plaintiff claims that the arrest record, fingerprints and photograph would mar if not destroy his chances to be admitted to the bar of the state of New York even though he satisfies all academic requirements therefor.

The defendant argued in response thereto that the arrest record was made because a Florida statute requires it. Defendant cited to the court §30.31, Florida Statutes, which does in fact make it mandatory for the sheriff's office to fingerprint and photograph all persons arrested and charged with a felony and to transmit those records to the Federal Bureau of Investigation. It therefore appears that whether the arrest was wrongful or in anywise improper, the same would be irrelevant.

It is axiomatic that what the legislature constitutionally gives to the sheriff's office, the courts cannot take away. This court is indeed sympathetic to the plaintiff's plight. However, the court has confidence that the plaintiff will not be stripped by any agency or board, lawfully constituted, of his inherent and constitutional right of being presumed innocent of the charges brought against him in Dade County in 1963, the record of which he now seeks to have expunged. Absent the statute cited above and in order to forestall any such problem, the court would have granted the plaintiff the relief he seeks, yet, as stated, the court is powerless to do so.

Both parties have moved for a summary final judgment. Because there is no genuine issue of fact, the same being recited above, it would appear that the defendant is entitled to have his motion granted, and it is accordingly ordered and adjudged that the defendant's motion for summary final judgment is granted, and this cause is dismissed.